In the Matter of SAUL C. GOULD, Petitioner, v. BERNARD DUBIN et al., Respondents.— Application by petitioner, pursuant to article 78 of the CPLR (1) to compel the respondent Justice presiding in Part 1A, Criminal Court of the City of New York, Queens County, to grant petitioner a hearing pursuant to statute (Code Crim. Pro., § 190) in two cases presently pending in that court; and (2) to prohibit the respondent District Attorney from presenting any evidence to the Grand Jury on said cases until the afore-mentioned hearings shall have been held. Application denied and proceeding dismissed, without costs. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.

(May 24, 1966)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS ALFRED RUPPERT, Appellant, v. JOHN E. HOY, as Sheriff of Westchester County, et al., Respondents.— In a habeas corpus proceeding, the relator appeals from a judgment of the Supreme Court, Westchester County, entered May 17, 1966, dismissing the writ and remanding him to custody. Judgment affirmed, without costs. While at the time of the hearing upon the writ the relator had not been indicted, it is undisputed that after the making of the order appealed from the relator was indicted and that he is now in custody by virtue of such subsequent indictment. Under the circumstances the order must be affirmed. This affirmance, however, is without prejudice to relator's right to a determination, by the court in which the indictment has been filed, of the voluntariness of any confession in accordance with the procedure now prescribed by statute (Code Crim. Pro., §§ 813-f–813-i, L. 1965, ch. 846; cf. *People* v. *Huntley,* 15 N Y 2d 72). Ughetta, Acting P. J., Hill, Rabin and Benjamin, JJ., concur.

(May 27, 1966)

In the Matter of GREYROCK PARK PROPERTY OWNERS' ASSOCIATION, INC., Appellant, v. JOHN L. MESSINA, as Mayor of the Village of Port Chester, et al., Respondents.— In a proceeding under CPLR article 78 permanently to enjoin the respondent Village of Port Chester and certain of its officials from engaging in open-air burning of refuse at the Fox Island Dump, in which a judgment was entered October 27, 1965, granting such injunction, petitioner appeals from an order of the Supreme Court, Westchester County, entered April 21, 1966, which, on motion of the village to modify said judgment, temporarily suspended the provisions of the permanent injunction for a period of 20 days upon certain conditions. This court stayed the order pending determination of the appeal. Order modified, on the law and the facts, by reducing the period of suspension of the permanent injunction to five days. As so modified, order affirmed, without costs. The five-day period shall commence May 31, 1966. Stay vacated. In our opinion, 20 days is too long a period of time in which to subject the adjoining property owners to the unpleasant consequences of open-air burning. We are satisfied, however, that a dangerous situation exists as the result of the Spring clean-up and that such situation requires a temporary suspension of the permanent injunction heretofore granted. Beldock, P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.